1   DAVID F. MCDOWELL (CA SBN 125806)
    DMcDowell@mofo.com
2   MORRISON & FOERSTER LLP
    707 Wilshire Boulevard, Suite 6000
3   Los Angeles, California  90017-3543
    Telephone: 213.892.5200
4   Facsimile: 213.892.5454

5   Attorneys for Defendant
    S.C. JOHNSON & SON, INC.

6

7

8               UNITED STATES DISTRICT COURT

9               NORTHERN DISTRICT OF CALIFORNIA

10

11  MICHELLE MORAN, individually and on behalf        Case No.    4:20-cv-03184-HSG
    of all others similarly situated,
12                                                    **MEMORANDUM OF POINTS
                    Plaintiff,                        AND AUTHORITIES IN
13                                                    SUPPORT OF S.C. JOHNSON &
            v.                                        SON, INC.'S MOTION TO
14                                                    DISMISS**
    S.C. JOHNSON & SON, INC. a Wisconsin
15  corporation,                                      Date:     August 20, 2020
                                                      Time:     2:00pm
16                  Defendant.                        Dept.: Courtroom 2 - 4th Floor
17                                                    Judge: Honorable Haywood S. Gilliam, Jr.

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF CONTENTS

**Page**

I.  INTRODUCTION ............................................................................................. 2

II.  FACTUAL BACKGROUND .......................................................................... 3

III.  LEGAL STANDARD ...................................................................................... 4

IV.  ARGUMENT .................................................................................................... 4

    A.  Plaintiff's Deception Claims are Implausible and Based on An Idiosyncratic Definition of Non-Toxic .................................................. 4

    B.  Plaintiff's Claims Sounding in Fraud Are Not Pled with the Requisite Particularity. ........................................................................... 7

    C.  Plaintiff Lacks Standing ............................................................................ 8

        1.  Plaintiff Lacks Standing to Sue Over Products She Never Purchased ...................................................................................... 8

        2.  Plaintiff Lacks Standing to Seek Injunctive Relief Where She Does Not Have Concrete Plans to Purchase the Product in the Future. ............. 10

        3.  Plaintiff Also Lacks Standing to Seek Injunctive Relief Where She Fails to Allege She Lacks an Adequate Remedy at Law. ........................ 11

    D.  Plaintiff's Express Warranty Claim Fails Because Complaint Does Not Plead Facts Supporting A Breach. ....................................................... 12

    E.  Plaintiff's Unjust Enrichment Claim Fails as A Matter of Law ........................... 12

V.  CONCLUSION ................................................................................................. 13

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ................................................................................................4

*Babaian v. Dunkin' Brands Grp. Inc.*,
  No. 17-4890-VAP, 2018 U.S. Dist. LEXIS 98673 (C.D. Cal. June 12, 2018) ........11

*Becerra v. Dr. Pepper/Seven Up, Inc.*,
  945 F.3d 1225 (9th Cir. 2019) ................................................................................5

*Bell Atl. Corp v. Twombly*,
  550 U.S. 544 (2007) ................................................................................................4

*Bova v. City of Medford*,
  564 F.3d 1093 (9th Cir. 2009) ..............................................................................10

*Cahill v. Liberty Mut. Ins. Co.*,
  80F.3d 336, 337-38 (9th Cir. 1996) ........................................................................4

*Carrea v. Dreyer's Grand Ice Cream, Inc.*,
  No. C 10-01044 JSW, 2011 WL 159380 (N.D. Cal. Jan. 10, 2011), aff'd, 475
  F. App'x 113 (9th Cir. 2012) ..................................................................................9

*Coleman-Anacleto v. Samsung Elecs. Am., Inc.*,
  2016 WL 4729302 (N.D. Cal. Sept. 12, 2016) ........................................................7

*Cordes v. Boulder Brands USA, Inc.*,
  No. CV 18-6534 PSG (JCX), 2018 WL 6714323 (C.D. Cal. Oct. 17, 2018) ..........11

*Davidson v. Kimberly-Clark Corp.*,
  889 F.3d 956 (9th Cir. 2018).................................................................................10

*Ebner v. Fresh, Inc.*,
  838 F.3d 958 (9th Cir. 2016).................................................................................5

*Gasser v. Kiss My Face, LLC*,
  No. 17-CV-01675-JSC, 2017 WL 4773426 (N.D. Cal. Oct. 23, 2017)..................10

*Grivas v. Metagenics, Inc.*,
  No. SACV 15-01838-CJC(DFMx), 2018 WL 6185977 (C.D. Cal. Jan. 4, 2018)....8

*In re iPhone Application Litig.*,
  No. 11-MD-02250-LHK, 2011 WL 4403963 (N.D. Cal. Sept. 20, 2011)...............12

*Ivie v. Kraft Foods Glob., Inc.*,
No. C–12–02554–RMW, 2013 WL 685372 (N.D. Cal. Feb. 25, 2013) .....................................9

*Johns v. Bayer Corp.*,
No. 09CV1935 DMS (JMA), 2010 WL 476688 (S.D. Cal. Feb. 9, 2010) ...............................9

*Joslin v. Clif Bar & Co.*,
No. 4:18-CV-04941-JSW, 2019 WL 5690632 (N.D. Cal. Aug. 26, 2019).............................11

*Kearns v. Ford Motor Co.*,
567 F.3d 1120 (9th Cir. 2009)...........................................................................................4

*Khasin v. R.C. Bigelow, Inc.*,
No. 12-cv-02204-WHO, 2016 WL 1213767 (N.D. Cal. Mar. 29, 2016)................................11

*Lanovaz v. Twinings N. Am., Inc.*,
726 F. App'x 590 (9th Cir. 2018) ....................................................................................10

*Lanovaz v. Twinings N. Am., Inc.*,
No. C–12–02646–RMW, 2013 WL 675929 (N.D. Cal. Feb. 25, 2013) ..................................9

*Larsen v. Trader Joe's Co.*,
No. C 11–05188 SI, 2012 WL 5458396 (N.D. Cal. June 14, 2012) ........................................9

*Lujan v. Defs. of Wildlife*,
504 U.S. 555 (1992)...........................................................................................................8

*In re NVIDIA GPU Litig.*,
No. C 08-04312 JW, 2009 WL 4020104 (N.D. Cal. Nov. 19, 2009) ....................................12

*Oestreicher v. Alienware Corp.*,
544 F. Supp. 2d 964 (N.D. Cal. 2008), aff'd, 322 F. App'x 489 (9th Cir. 2009) ...................13

*Rugg v. Johnson & Johnson*,
No. 17-cv-05010-BLF, 2018 WL 3023493 (N.D. Cal. June 18, 2018) ....................................6

*Shaker v. Nature's Path Foods, Inc.*,
No. 13-cv-1138-GW(OPx), 2013 WL 6729802 ..................................................................5, 6

*Smedt v. Hain Celestial Grp., Inc.*,
No. 5:12-CV-03029-EJD, 2014 WL 2466881 (N.D. Cal. May 30, 2014)...........................8, 10

*Smith v. LG Elecs. U.S.A., Inc.*,
No. C 13-4361 PJH, 2014 WL 989742 (N.D. Cal. Mar. 11, 2014) ........................................12

*Sonner v. Premier Nutrition Corp.*,
No. 18-15890, 2020 WL 3263043 (9th Cir. June 17, 2020) ...........................................11, 12

*Spokeo, Inc. v. Robins*,
136 S. Ct. 1540 (2016) ........................................................................................................8

*Tabler v. Panera LLC*,
  No. 19-CV-01646-LHK, 2019 WL 5579529 (N.D. Cal. Oct. 29, 2019) ................4, 8, 10, 11

*Vess v. Ciba-Geigy Corp. USA*,
  317 F.3d 1097 (9th Cir. 2003)........................................................................................7

*Williams v. Gerber Prods. Co.*,
  552 F.3d 934 (9th Cir. 2008)..........................................................................................5

*Wilson v. Frito-Lay N. Am., Inc.*,
  961 F. Supp. 2d 1134 (N.D. Cal. 2013) .........................................................................9

**Statutes**

Cal. Bus. & Prof. Code § 17200, *et seq.* ...................................................................3

Cal. Bus. & Prof. Code § 17500, *et seq.* ...................................................................3

Cal. Civ. Code § 1750, *et seq.* ...................................................................................3

Cal. Civ. Code § 1780(d) ........................................................................3fn. 1, 4fn. 1

**Other Authorities**

Fed. R. Civ. P 11 .......................................................................................................7

Fed. R. Civ. P. 12(b)(1) ...........................................................................................13

Fed. R. Civ. P. 12(b)(6) ...........................................................................................13

Fed. R. Civ. P. 9(b) ....................................................................................4, 7, 8, 13

## STATEMENT OF THE ISSUES TO BE DECIDED

This motion raises the following issues:

1.    **Rule 8 Plausibility:** Are Plaintiff's claims implausible when they are based on an idiosyncratic definition of non-toxic?

2.    **Rule 9(b) Particularity:** Does Plaintiff plead her claims sounding in fraud with the requisite particularity when she does not identify how or why the product labels she complains of are false or misleading?

3.    **Article III/Standing:** Can Plaintiff challenge the labels of products she never purchased? Does Plaintiff have standing to seek injunctive relief when she does not have concrete plans to purchase the product in the future? Does Plaintiff have standing to seek injunctive relief when she does not allege damages are an inadequate remedy?

4.    **Express Warranty:** Does Plaintiff state a claim for breach of express warranty when she does not allege facts supporting a breach?

5.    **Unjust Enrichment:** Can Plaintiff bring a claim for unjust enrichment when it is a legal remedy, not a cause of action?

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

Reasonable consumers understand "non-toxic" to mean something is not toxic; that is, it is not poisonous or capable of causing death or serious debilitation. A non-toxic product label signals to a reasonable consumer that the product, evaluated in its entirety, is not toxic. Despite this common understanding, Plaintiff Michelle Moran ("Plaintiff") claims Windex Original's "non-toxic formula" label is false and misleading because the product contains allegedly harmful ingredients, regardless of their concentration or the product formulation. Plaintiff's claims necessarily fail, however, and the Court should dismiss the Complaint for a number of reasons.

First, Plaintiff's personal interpretation of non-toxic does not reflect a reasonable consumer's understanding of the term because a reasonable consumer defines non-toxic according to the dictionary. Plaintiff's unreasonable, idiosyncratic, alternative interpretation cannot form the basis for a claim. Moreover, Plaintiff's allegation that a non-toxic label indicates a product only contains non-toxic ingredients expressly contradicts Federal Trade Commission ("FTC") guidance on this exact issue.

Second, Plaintiff does not plead her claims sounding in fraud with the requisite particularity. She fails to allege what advertisements and labels she relied, why the Products' non-toxic labels are false, and when she purchased Windex Original.

Third, Plaintiff lacks standing to assert claims against the Products she did not purchase, especially when she does not allege how the product she did purchase, Windex Original, is "substantially similar" to the others. Furthermore, because she does not definitively plan to purchase Windex Original in the future or explain how damages are inadequate, Plaintiff lacks standing to seek injunctive relief.

Fourth, Plaintiff's unsupported conclusions of the Products' toxicity do not establish that the "non-toxic formula" label breaches any express warranty. Her vague and conclusory statement that the products are "not non-toxic" (Compl. ¶ 138) is woefully inadequate.

Fifth, and finally, Plaintiff's unjust enrichment claim fails because unjust enrichment is a

theory of recovery, not an independent legal claim.  Because Plaintiff's other claims fail, her

unjust enrichment claim fails as well.

For these reasons, S.C. Johnson & Son, Inc. ("SC Johnson") respectfully requests that the

Court dismiss the Complaint with prejudice.

## II.    FACTUAL BACKGROUND

Windex Original, Windex Vinegar, Windex Crystal Rain Ammonia-Free, and Windex

Multi-Surface (the "Products") are labeled "non-toxic formula." (Compl. ¶ 23.)   Although the

Products bear the same label, they have distinct formulas and contain different ingredients.

(Compl. ¶¶ 25, 35; (Request for Judicial Notice In Support of S.C. Johnson & Son, Inc.'s Motion

to Dismiss the Complaint ("RJN"), Exs. C-F.)  The word "toxic" means that a substance is

"poisonous" or "capable of causing death or serious debilitation." (RJN, Ex. A.)  "Non-toxic"

means the opposite: that a substance is not poisonous and will not cause death or serious

debilitation.  *Id.*  The FTC Green Guides recognize a "non-toxic product could contain a toxic

substance at a level that is not harmful to humans or the environment." (RJN, Ex. B at 148.)  For

example, an apple is non-toxic, even though apple seeds contain cyanide, which is toxic, because

the amount of cyanide in an apple is so low.  *Id.*  Despite a common consumer understanding of

and clear regulatory guidance on the meaning of non-toxic, Plaintiff  asserts non-toxic implies a

product (1) does not pose *any* risk of harm to humans or the environment and (2) contains "only

non-toxic ingredients." (Compl. ¶¶ 19, 24.)

Based on her idiosyncratic definition of non-toxic, Plaintiff sued SC Johnson, claiming

that the "non-toxic formula" label on the Products is false and misleading because the Products

contain allegedly harmful ingredients.  (Compl. ¶¶ 21, 23, 25.)  Plaintiff asserts five causes of

action for: (1) violation of the Cal. Bus. & Prof. Code § 17200, *et seq*. ("UCL"); (2) violation of

Cal. Bus. & Prof. Code § 17500, *et seq*.  ("FAL"); (3) violation of the Cal. Civ. Code § 1750, *et

seq.* ("CLRA")[1]; (4) breach of express warranty; and (5) unjust enrichment.  Compl. ¶¶ 60, 109,

---

[1] In any action under the CLRA, plaintiffs are required to "file an affidavit stating facts showing that the action has been commenced in a county described in this section as a proper place for the trial of the action."  Cal. Civ. Code § 1780(d).  "If a plaintiff fails to file the affidavit required by this section, the court shall, upon its own motion or upon motion of any party, dismiss

1  118, 139, 146.)  Plaintiff seeks injunctive and other equitable relief.  (*Id.* ¶ 32).  Additionally,

2  Plaintiff seeks to represent a putative class of "all residents of the United States who, within the

3  applicable statute of limitations periods, purchased the Products," and a California subclass of "all

4  residents of California who, within four years prior to the filing of this Complaint, purchased the

5  Products." (*Id.* ¶ 47.)

6  **III.    LEGAL STANDARD**

7          While a court must accept all factual allegations pled in the complaint as true, *Cahill v.*

8  *Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996), it need not accept unreasonable

9  inferences or legal conclusions cast in the form of factual allegations.  *See Ashcroft v. Iqbal*, 556

10  U.S. 662, 681 (2009); *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 555 (2007).  Because Plaintiff

11  alleges that SC Johnson engaged in a scheme of false advertising (Compl. ¶ 2), she must plead the

12  entire complaint with particularity under Rule 9(b).  *Kearns v. Ford Motor Co.*, 567 F.3d 1120,

13  1126-27 (9th Cir. 2009); *see also Tabler v. Panera LLC*, No. 19-CV-01646-LHK, 2019 WL

14  5579529, at *11 (N.D. Cal. Oct. 29, 2019)(finding CLRA, FAL, and UCL claims based on

15  alleged product misrepresentations must be pled with particularity and dismissing the claims).

16  **IV.    ARGUMENT**

17          **A.    Plaintiff's Deception Claims are Implausible and Based on An Idiosyncratic
18                  Definition of Non-Toxic.**

19          Plaintiff's personal definition of non-toxic does not reflect a reasonable consumer's

20  understanding of the term and contradicts FTC guidance on this issue.  A complaint must

21  "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its

22  face.'  A claim has facial plausibility when the plaintiff pleads factual content that allows the

23  court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

24  *Iqbal*, 556 U.S. at 678 (internal citation omitted).

25          The Plaintiff does not adequately allege that the Products' labels are false and misleading.

26

27  the action without prejudice."  (*Id.*)  Plaintiffs have failed to file this affidavit and accordingly,
    their action should be dismissed.

28

A statement is actionable only if it is likely to deceive a reasonable consumer. *See Williams v. Gerber Prods. Co.*, 552 F.3d 934, 938 (9th Cir. 2008) (California consumer protection statutes, including the UCL, FAL, and CLRA, are governed by the "reasonable consumer" test). Likely to deceive implies "more than a mere possibility" that a statement "might conceivably be misunderstood by some few consumers viewing it in an unreasonable manner." *Ebner v. Fresh, Inc.*, 838 F.3d 958, 965 (9th Cir. 2016) (internal quotations omitted); *see also Becerra v. Dr. Pepper/Seven Up, Inc.*, 945 F.3d 1225, 1230 (9th Cir. 2019) (dismissing claim that "diet" in name of Diet Dr. Pepper misleadingly promised weight loss or other health benefits because "the prevalent understanding of the term in that context is that the 'diet' version of a soft drink has fewer calories than its 'regular' counterpart"). Rather, "the term 'likely' [to deceive] indicates that deception must be probable, not just possible." *Shaker v. Nature's Path Foods, Inc.*, No. 13-cv-1138-GW(OPx), 2013 WL 6729802, at *3 (internal quotations omitted). "Thus, where a court can conclude as a matter of law that members of the public are not likely to be deceived by the product packaging, dismissal is appropriate." *Werbel ex rel. v. Pepsico, Inc.*, No. C 09-04456 SBA, 2010 WL 2673860, at *3 (N.D. Cal. July 2, 2010). Plaintiff's Complaint fails to meet the reasonable consumer standard.

Plaintiff premises her entire claim on a theory that a reasonable consumer believes a non-toxic label implies a product (1) does not pose *any* risk of harm to humans or the environment and (2) that it contains "only non-toxic ingredients." (Compl. ¶¶ 19, 24.) This understanding of "non-toxic" is unreasonable, implausible, and contrary to FTC guidance on the topic.

First, Plaintiff's definition of non-toxic is unreasonable because it is contrary to the term's dictionary definition. The word toxic means that a substance is "poisonous" or "capable of causing death or serious debilitation." (RJN, Ex. A). Non-toxic means the opposite: that a substance is not poisonous and will not cause death or serious debilitation. *Id*. Plaintiff's claim that she interpreted the non-toxic label to mean that the product does not pose *any* risk of harm to people, animals, or the environment (Compl. ¶ 36) is implausible and directly at odds with the term's definition. Plaintiff's personal interpretation of non-toxic leads to the absurd conclusion that something is deceptively labeled non-toxic if it could cause a consumer mild discomfort.

1    Using Plaintiff's definition, it is deceptive to label a lemon "non-toxic" because lemon juice can

2    cause consumers severe discomfort if squeezed in their eyes.  But no reasonable consumer

3    believes this any more than he or she thinks spicy foods or non-toxic arts and craft supplies –

4    which can cause gastrointestinal discomfort or skin irritation – are toxic.

5           *Rugg v. Johnson & Johnson* is particularly instructive here.  *See* No. 17-cv-05010-BLF,

6    2018 WL 3023493 (N.D. Cal. June 18, 2018).  In *Rugg*, plaintiffs claimed "hypoallergenic" labels

7    on baby products were misleading.  *Id.* at *1.  Plaintiffs asserted reasonable consumers believe

8    that a product labeled hypoallergenic "does not contain any skin sensitizers" or any "ingredients

9    known to produce a negative reaction."  *Id*. at *2. The dictionary, however, defines

10   hypoallergenic as "having little likelihood of causing an allergic response."  *Id*. at *3.  The Court

11   dismissed plaintiffs' claims finding it "completely implausible" that a reasonable consumer would

12   understand hypoallergenic as the plaintiffs do given the dictionary definition.  *Id*.  Here,

13   Plaintiff's interpretation of non-toxic is similarly incompatible with its dictionary definition and

14   does not align with a reasonable consumer's understanding of the term.  A non-toxic label does

15   not mislead a reasonable consumer to believe the product does not pose any risk of harm to

16   people, animals, or the environment.

17          Second, Plaintiff's claim that she interpreted "non-toxic formula" to mean Windex

18   Original only contains non-toxic ingredients is also implausible and unsustainable.  The non-toxic

19   label indicates the entire product is non-toxic, not its components, because non-toxic describes the

20   *formula*.  Consumers must understand the label to mean what it says – that the product's formula,

21   assessed in its entirety, is non-toxic.

22          The FTC guidance on this issue establishes that Plaintiff's interpretation of the term belies

23   common sense.  As the FTC Green Guides recognize, a "non-toxic product could contain a toxic

24   substance at a level that is not harmful to humans or the environment."  (RJN, Ex. B at 148).  For

25   example, an apple is non-toxic, even though apple seeds contain cyanide, which is toxic, because

26   the amount of cyanide in an apple is so low.  *Id*.  This guidance squares with reasonable

27   consumers' understanding of non-toxic product labels.  The Products' labels clearly indicate the

28   formula is non-toxic.  Plaintiff makes no attempt to allege that the formula itself is toxic and

1   SC Johnson believes that she could not do so consistent with Fed. R. Civ. P 11.

2       As such, the non-toxic product labels could not mislead a reasonable consumer to believe

3   that the product only contained non-toxic ingredients, regardless of the risk of the ingredients in

4   the product she purchased.  For these reasons, SC Johnson requests that this Court dismiss

5   Plaintiff's claims.

6           **B.      Plaintiff's Claims Sounding in Fraud Are Not Pled with the Requisite
                    Particularity.**

7

8       Plaintiff vaguely concludes the Products' non-toxic labels are fraudulent without

9   identifying how or why the labels are false or misleading, and, as such, her claims should be

10  dismissed.  In challenging the allegedly "unfair, unlawful, deceptive, and misleading advertising

11  and labeling" of the Products (Compl. ¶ 14), Plaintiff must assert the "who, what, when, where,

12  and how of the misconduct charged." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1006 (9th

13  Cir. 2003) (internal quotation marks and citation omitted).  "The plaintiff must set forth what is

14  false or misleading about a statement, and why it is false." *Id*.  Plaintiff's Complaint fails to meet

15  Rule 9(b) for three reasons.

16      First, Plaintiff does not identify the advertisement(s) she relied on when buying Windex

17  Original.  She generally alleges she relied on Windex Original's "advertising and labeling claims"

18  (Compl. ¶ 11), but she does not identify any advertisement.  Even on the simple labeling claim,

19  she fails to allege that the picture included in the Complaint is of the product she actually

20  purchased.  As such, Plaintiff inadequately pleads reliance – the "what" of the alleged fraud.  *See*

21  *Coleman-Anacleto v. Samsung Elecs. Am., Inc.*, 2016 WL 4729302, at *14 (N.D. Cal. Sept. 12,

22  2016) (finding plaintiff does not adequately allege a misrepresentation when he provides

23  examples of the product packaging but does not allege he relied on the same packaging).

24      Second, Plaintiff does not make any attempt to explain why the Products as formulated are

25  toxic.  She alleges Windex Original is "toxic to humans, animals, and the environment" (Compl.

26  ¶ 1), but this conclusory statement is woefully insufficient.  Plaintiff further asserts the Products

27  are toxic because they contain allegedly harmful ingredients. (Compl. ¶ 25.)  Fatally, Plaintiff

28  fails to explain why the *formula* of the product she purchased is toxic.  She includes no

1   allegations assessing the toxicity of the Products' formulas.  Nor does she claim the allegedly

2   harmful ingredients are present in the Products at toxic concentrations.  As the FTC Green Guides

3   recognize, a statement that a product is non-toxic cannot be false or misleading simply because

4   the Products contain some ingredients that may be harmful.  (RJN, Ex. B at 148).  Plaintiff alleges

5   no facts showing she bought a toxic product.  Her vague, conclusory statements do not satisfy

6   Rule 9(b)'s stringent pleading requirements.

7        Third, Plaintiff's allegations of when she made her purchase are equally insufficient.

8   Plaintiff alleges she bought Windex Original in 2019, but does not specify exactly when or

9   whether she did so once or many times. (Compl. ¶ 11).  *Tabler,* 2019 WL 5579529, at \*12

10  (dismissing complaint when Plaintiff failed to provide specific information about when she

11  allegedly viewed Defendant's advertisements); *Grivas v. Metagenics, Inc.,* No. SACV 15-01838-

12  CJC(DFMx), 2018 WL 6185977, at \*6 (C.D. Cal. Jan. 4, 2018) (allegations fail to meet Rule 9(b)

13  when plaintiff does "not identify with specificity when [he] purchased the product(s)" or when he

14  viewed alleged misrepresentations).  As the case develops, the importance of this basic allegation

15  will become clear.

16      **C.**    **Plaintiff Lacks Standing**

17          **1.**    **Plaintiff Lacks Standing to Sue Over Products She Never Purchased.**

18       Plaintiff cannot challenge the non-toxic labels on Windex Vinegar, Windex Crystal Rain

19  Ammonia-Free, or Windex Multi-Surface (the "Non-Purchased Products") because she did not

20  suffer an injury by them.  To establish Article III standing, a plaintiff must plead and prove

21  "injury in fact," causation, and redressability.  *Lujan v. Defs. of Wildlife,* 504 U.S. 555, 560-561

22  (1992).  "[I]njury in fact" requires damage to "a legally protected interest which is (a) concrete

23  and particularized, and (b) 'actual or imminent', not 'conjectural or hypothetical.'"  *Id.* at 560

24  (internal citations omitted). "For an injury to be 'particularized,' it 'must affect the plaintiff in a

25  personal and individual way.'" *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1548 (2016) (citation

26  omitted).  "The UCL and FAL incorporate the Article III standing requirements, but additionally

27  require that the plaintiff plead an economic injury."  *Smedt v. Hain Celestial Grp.*, Inc, No. 5:12-

28  CV-03029-EJD, 2014 WL 2466881, at \*5 (N.D. Cal. May 30, 2014).  Plaintiff was not injured by

the Non-Purchased Products.

First, Plaintiff concedes she did not buy three of the four products she challenges.  A plaintiff "cannot expand the scope of his or her claims to include a product not purchased." *Lanovaz v. Twinings N. Am., Inc.*, No. C–12–02646–RMW, 2013 WL 675929, at *2 (N.D. Cal. Feb. 25, 2013); *Johns v. Bayer Corp.,* No. 09CV1935 DMS (JMA), 2010 WL 476688, at *5 (S.D. Cal. Feb. 9, 2010).  District courts throughout the Ninth Circuit prohibit plaintiffs from challenging products they never purchased because they suffer no Article III injury as to those products.  Plaintiff cannot challenge the Non-Purchased Products because she did not buy them. *See e.g. Carrea v. Dreyer's Grand Ice Cream, Inc.,* No. C 10-01044 JSW, 2011 WL 159380, at *3 (N.D. Cal. Jan. 10, 2011), aff'd, 475 F. App'x 113 (9th Cir. 2012) (dismissing Plaintiff's claims against product he did not purchase for lack of standing); *Larsen v. Trader Joe's Co.*, No. C 11–05188 SI, 2012 WL 5458396, at *5 (N.D. Cal. June 14, 2012)(plaintiffs could not have suffered a particularized injury for products they did not purchase); *Ivie v. Kraft Foods Glob., Inc.*, No. C–12–02554–RMW, 2013 WL 685372, at *5 (N.D. Cal. Feb. 25, 2013)(no requisite pecuniary injury where plaintiff did not purchase the product at issue).

Second, by identifying the Products' different ingredients, Plaintiff admits that the Products are dissimilar.  While some courts permit plaintiffs to sue over products that are "substantially similar" to those they purchased, the plaintiff must put forth *specific*, unrefuted facts demonstrating that the unpurchased products are, in fact, substantially similar to purchased ones. *Wilson v. Frito-Lay N. Am., Inc.*, 961 F. Supp. 2d 1134, 1142 (N.D. Cal. 2013) (dismissing claims against products plaintiff did not purchase where the complaint only listed the non-purchased products and labels because "the Court will not assume that each one of these subtly different Products is like all the others").

Plaintiff does not attempt to allege the Non-Purchased Products are substantially similar to Windex Original.  And she cannot.  The Products have distinct formulas and contain different ingredients.  (RJN, Exs. C-F.)  Indeed, the Complaint acknowledges these substantial dissimilarities by highlighting the different ingredients in the products.  (Compl. ¶¶ 25-35.) Plaintiff concedes the Products are dissimilar, and thus she lacks standing to challenge the Non-

Purchased Products. *Tabler,* 2019 WL 5579529, at *10 (dismissing complaint when it failed to "allege how products a plaintiff purchased are in fact substantially similar to products that the plaintiff challenges"); *Smedt,* 2014 WL 2466881, at *7 (finding plaintiff did not allege the similarity of the unpurchased products with sufficient particularity when plaintiff did not allege any facts "regarding the products' respective ingredients").

### 2. Plaintiff Lacks Standing to Seek Injunctive Relief Where She Does Not Have Concrete Plans to Purchase the Product in the Future.

Plaintiff also lacks Article III standing because she does not definitively plan to purchase Windex Original in the future. Injunctive relief requires plaintiffs to plead a threat of injury that is "actual and imminent, not conjectural or hypothetical." *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 967 (9th Cir. 2018)(internal citations omitted). The threatened injury must be certainly impending to constitute injury in fact and allegations of *possible* future injury are not sufficient. *Id.* A 'some day' intention – without any description of concrete plans, or indeed even any specification of *when* the some day will be – does not support a finding of the 'actual or imminent' injury that Article III requires." *Lanovaz v. Twinings N. Am., Inc.*, 726 F. App'x 590, 591 (9th Cir. 2018) (internal quotations omitted). A plaintiff does not have Article III standing to seek injunctive relief where her claims rest "upon contingent future events that may not occur as anticipated, or indeed may not occur at all." *Bova v. City of Medford*, 564 F.3d 1093, 1096 (9th Cir. 2009) (citation omitted). This is because "if the contingent events do not occur, the plaintiff likely will not have suffered an injury that is concrete and particularized enough to establish the first element of standing." *Id.*; *see Gasser v. Kiss My Face, LLC*, No. 17-CV-01675-JSC, 2017 WL 4773426, at *4 (N.D. Cal. Oct. 23, 2017)(allegation that plaintiffs "would purchase the Products again if [defendant] changed the composition so that they conformed to their 'natural' labeling and marketing" is insufficient to establish standing for injunctive relief).

Plaintiff's tentative intention to buy Windex Original again is not a concrete plan. She asserts "it is possible" she "might" purchase the products again in the future *if* the products no longer contain the ingredients she believes to be harmful. (Compl. ¶¶ 12, 46.) This hypothetical plan is not an actual or imminent injury because Plaintiff will potentially buy the Products only if

SC Johnson reformulates them. *See e.g. See Khasin v. R.C. Bigelow, Inc.*, No. 12-cv-02204-WHO, 2016 WL 1213767, at *4 (N.D. Cal. Mar. 29, 2016)(finding plaintiff's assertion that he "would consider buying Bigelow tea again if the antioxidant claims were removed from the packages" does not establish Article III standing); *Tabler*, 2019 WL 5579529, at *8 (dismissing Plaintiff's prayer for injunctive relief because plaintiff failed to allege any future injury that is certainly impending when she alleged that she "may" purchase the products again in the future); *Babaian v. Dunkin' Brands Grp. Inc.*, No. 17-4890-VAP (MRWx), 2018 U.S. Dist. LEXIS 98673 (C.D. Cal. June 12, 2018) (dismissing request for injunctive relief supported by plaintiff's allegation that "he 'will likely purchase Class Products in the future from [defendant] if [they] contain the Real Ingredients as represented'").

Furthermore, because SC Johnson's website identifies the Products' ingredients, Plaintiff cannot be misled by the Products' labels.  Plaintiff claims she is "at risk" of "assuming that Defendant fixed the formulation of the Products such that she might buy them again believing they were no longer falsely advertised and labeled." (Compl. ¶ 12.)  Plaintiff suffers from no such risk of injury, however, because she can easily ascertain if the Products' satisfy her understanding of non-toxic before purchasing them by visiting the SC Johnson website.  *See Joslin v. Clif Bar & Co.*, No. 4:18-CV-04941-JSW, 2019 WL 5690632, at *4 (N.D. Cal. Aug. 26, 2019)(finding plaintiffs lack standing to seek injunctive relief when they allege they would like to purchase the product again but cannot trust the accuracy of the label where the label lists the product ingredients); *See also Cordes v. Boulder Brands USA, Inc.,* No. CV 18-6534 PSG (JCX), 2018 WL 6714323, at *4 (C.D. Cal. Oct. 17, 2018)(finding plaintiff can easily determine if a defendant has cured previous misrepresentations without purchasing the product by reading the label).  Accordingly, Plaintiff will not suffer a future injury sufficient to establish Article III standing, and her request for injunctive relief should be denied with prejudice.

### 3.    Plaintiff Also Lacks Standing to Seek Injunctive Relief Where She Fails to Allege She Lacks an Adequate Remedy at Law.

SC Johnson also requests that this Court dismiss Plaintiff's request for injunctive relief because she fails to allege damages are an inadequate remedy.  Federal equitable principles

require a plaintiff to demonstrate she lacks an adequate legal remedy before the court will act in equity. *Sonner v. Premier Nutrition Corp.*, No. 18-15890, 2020 WL 3263043, at *3 (9th Cir. June 17, 2020). Federal courts must apply these principles to claims for equitable relief under California's UCL and CLRA. *Id.* Plaintiff does not allege that damages will not make her whole. Indeed, Plaintiff's Complaint admits that damages are a viable remedy. She asserts that she will amend the Complaint to seek compensatory, monetary, and restitutionary, and punitive damages. (Compl. ¶ 132). The fact that she elected not to is not relevant to the inquiry. *See Sonner*, 2020 WL 3263043, at *3. By asserting she could amend the Complaint to allege damage claims, Plaintiff concedes she had an adequate remedy at law. *Sonner*, 2020 WL 3263043, at *3. (affirming the district court's dismissal of the plaintiff's restitution claims because plaintiff fails to allege that she lacks an adequate legal remedy).

### D.   Plaintiff's Express Warranty Claim Fails Because Complaint Does Not Plead Facts Supporting A Breach.

Plaintiff cannot demonstrate a breach of any express warranty by generally asserting the Products' toxicity. She broadly concludes that the Products "are not non-toxic" (Compl. ¶ 138) without specifically alleging how the Products' formulas are toxic. She states that the Products contain ingredients that may cause harm to consumers, but does not assert that the allegedly toxic ingredients are present in the Products at dangerous concentrations. (Compl. ¶ 24.) Plaintiff's unsupported conclusions of toxicity do not establish that the "non-toxic formula" labels are false, and her claim for breach of warranty fails accordingly. *See e.g. Smith v. LG Elecs. U.S.A., Inc.*, No. C 13-4361 PJH, 2014 WL 989742, at *6 (N.D. Cal. Mar. 11, 2014) (dismissing express warranty claim because plaintiff failed to allege facts that washing machines were not "High Efficiency," not Energy Star-compliant, and did not use spin cycles of 1050-1100 RPMs).

### E.   Plaintiff's Unjust Enrichment Claim Fails as A Matter of Law.

Finally, Plaintiff's unjust enrichment claim fails because "unjust enrichment is a theory of recovery, not an independent legal claim." *In re NVIDIA GPU Litig.*, No. C 08-04312 JW, 2009 WL 4020104, at *12 (N.D. Cal. Nov. 19, 2009). Unjust enrichment is not a cause of action under California law. *In re iPhone Application Litig.*, No. 11-MD-02250-LHK, 2011 WL 4403963, at

*15 (N.D. Cal. Sept. 20, 2011)("there is no cause of action for unjust enrichment under California law").  Because Plaintiff's other claims fail, her unjust enrichment claim fails as well. *Oestreicher v. Alienware Corp.*, 544 F. Supp. 2d 964, 975 (N.D. Cal. 2008), aff'd, 322 F. App'x 489 (9th Cir. 2009)(finding plaintiff has no basis for unjust enrichment claim when its fraud-based claims are dismissed).

## V.     CONCLUSION

        For the all the foregoing reasons, SC Johnson respectfully requests that the Court dismiss the Complaint under Fed. R. Civ. P. 12(b)(1), 12(b)(6), and 9(b).

Dated:  July 15, 2020                          MORRISON & FOERSTER LLP


                                       By:    /s/ David F. McDowell
                                              David F. McDowell

                                              Attorneys for Defendant
                                              S.C. JOHNSON & SON, INC.