UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: S.C. JOHNSON & SON, INC. WINDEX NON-TOXIC LITIGATION<br><br>This Document Relates To: All Actions | Master File No. 20-cv-03184-HSG<br><br>**ORDER DENYING APPLICATION TO APPOINT INTERIM CO-LEAD COUNSEL**<br><br>Re: Dkt. No. 28 |

Pending before the Court is the application to appoint interim class counsel filed by Plaintiffs Michelle Moran and Monica Waddell. *See* Dkt. No. 28. Plaintiffs seek to appoint four attorneys from four different law firms as interim class counsel: (1) Ryan Clarkson from Clarkson Law Firm, PC; (2) Christopher Moon from Moon Law, APC; (3) Michael Reese from Reese LLP; and (4) Spencer Sheehan from Sheehan and Associates, PC. *Id.* The Court held a hearing on October 8, 2020. For the reasons detailed below, the Court **DENIES** the motion.

Under Federal Rule of Civil Procedure 23(g)(3), a court "may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." Fed. R. Civ. P. 23. A court should "designate interim counsel during the pre-certification period if necessary to protect the interests of the putative class." *See Wang v. OCZ Tech. Grp., Inc.*, No. C 11-01415 PSG, at *4 (N.D. Cal. June 29, 2011) (citing Fed. R. Civ. P. 23). Although Rule 23(g)(3) does not provide a standard for appointment of interim counsel, courts typically look to the factors used in determining the adequacy of class counsel under Rule 23(g)(1)(A). *See, e.g., In re Seagate Tech. LLC Litig.*, No. 16-CV-00523-RMW, 2016 WL 3401989, at *2 (N.D. Cal. June 21, 2016). These factors are:

> (1) the work counsel has done in identifying or investigating potential claims in the action;
> (2) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;
> (3) counsel's knowledge of the applicable law; and
> (4) the resources that counsel will commit to representing the class.

Fed. R. Civ. P. 23(g)(1)(A). The Court may also consider "any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." *See* Fed. R. Civ. P. 23(g)(1)(B).

Although counsel credibly address the four factors under Rule 23(g)(1)(A), they fail to explain, as a threshold matter, why the appointment of interim counsel is necessary at this stage to protect the interests of the putative class. "Where there are no competing lawsuits or firms, courts in this district have been unwilling to appoint interim class counsel." *See In re Seagate*, 2016 WL 3401989 (collecting cases). As counsel acknowledged during the hearing, they have all worked together cooperatively and share a unified strategy regarding how this action should proceed. All four firms seek to represent Plaintiffs together as co-lead counsel, and thus, the appointment of interim counsel is not necessary to address any live conflict among counsel or to clarify their respective roles in the litigation. *See, e.g.*, *Imran v. Vital Pharm., Inc.*, No. 18-CV-05758-JST, 2019 WL 1509180, at *10 (N.D. Cal. Apr. 5, 2019) (denying appointment of three firms as co-interim class counsel where there was no rivalry among the firms).

During the hearing on the motion, counsel indicated that there is a related action in state court, and that the ongoing settlement discussions in that case may involve at least one Windex product also at issue in this case. But despite the Court's repeated questioning, counsel could not explain why the existence of the state court action required an appointment of interim counsel in this case. All four firms in this case could still reach out to discuss the state court action with counsel in that case, as they appear to have done already. And to the extent such a settlement is finalized in the state court action, Plaintiffs in this action may decide whether to opt out as necessary. Counsel also raised the specter of competing law firms from future "copycat" cases. However, the Court may address that issue if and when it arises in cases actually before it, and

with the benefit of briefing from any such additional, competing law firms. *Accord Imran*, Inc., No. 18-CV-05758-JST, 2019 WL 1509180, at *10 (N.D. Cal. Apr. 5, 2019). The Court's duty under Rule 23(g) is to protect the interests of the putative class, not those of counsel.

In sum, the Court finds that counsel did "not present the 'special circumstances' that warrant appointment of interim counsel at this stage." *See, e.g.*, *In re Nissan N. Am., Inc. Litig.*, No. 18-CV-07292-HSG, 2019 WL 4601557, at *2 (N.D. Cal. Sept. 23, 2019) (quoting *In re Nest Labs Litig.*, No. 14-CV-01363-BLF, 2014 WL 12878556, at *1 (N.D. Cal. Aug. 18, 2014)). Accordingly, the Court **DENIES** the motion without prejudice. Plaintiffs are directed to file the consolidated amended complaint within 30 days of the date of this order as agreed in their stipulation to consolidate actions. *See* Dkt. No. 24 at 3.

**IT IS SO ORDERED.**

Dated:

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge