UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: S.C. JOHNSON & SON, INC. WINDEX NON-TOXIC LITIGATION<br><br>This Document Relates To: All Actions | Case No. 20-cv-03184-HSG<br><br>**ORDER GRANTING MOTION TO STAY**<br>Re: Dkt. No. 64 |

Pending before the Court is Defendant S.C. Johnson & Son, Inc.'s motion to stay this action pending final approval of the class settlement in *Clark v. S.C. Johnson & Son, Inc.*, Case No. RG20067897 in Alameda Superior Court ("*Clark*").  Dkt. No. 64.  The Court finds this matter appropriate for disposition without oral argument and the matter is deemed submitted.  *See* Civil L.R. 7-1(b).  For the reasons detailed below, the Court **GRANTS** the motion.

I.   **BACKGROUND**

The parties are familiar with the facts of this case, and the Court only briefly summarizes them here as relevant to the pending motion to stay.

Plaintiffs Michelle Moran and Monica Waddell filed these consolidated actions against Defendant S.C. Johnson & Son, Inc., alleging that it uses false and misleading labels representing that certain of its Windex products have a "non-toxic formula."  *See* Dkt. No. 42 ("FAC"). Plaintiffs allege that despite being labeled as "non-toxic," these products contain ingredients that are toxic to humans, animals, and/or the environment.  *See id.* at ¶¶ 14, 25, 31, 44, 95.  Based on these facts, Plaintiffs assert causes of action under California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, *et seq.*; False Advertising Law, Cal. Bus. & Prof. Code §§ 17500, *et seq.*; and Consumer Legal Remedies Act, Cal. Civ. Code §§ 1750, *et seq.*; as well as claims for breach

of warranty and unjust enrichment. *See id.* at ¶¶ 63–146. Plaintiffs also seek to represent a nationwide class and a class of California consumers, defined as:

> All residents of the United States who, within the applicable statute of limitations periods, purchased the Products ("Nationwide Class"); and
>
> All residents of California who, within four years prior to the filing of this Complaint, purchase the products ("California Subclass").

*Id.* at ¶ 51.

On July 15, 2020, Plaintiff Howard Clark filed a complaint in the *Clark* case in Alameda Superior Court. *See* Dkt. No. 64-2, Ex. A. The *Clark* complaint alleges that Defendant fraudulently advertised the same products as "Non-Toxic" in breach of the same warranties and in violation of the same California statutes alleged in this action. *See id.* The *Clark* action also covers the same nationwide class and California subclass as this action. *See id.* at ¶¶ 46–47. Plaintiffs acknowledge the similarities, and describe the *Clark* action as a "copycat complaint." *See* Dkt. No. 71 at 2–3. Following mediation, the parties in *Clark* entered into a settlement agreement on November 24, 2020. *See* Dkt. No. 71-6, Ex. 5. The proposed settlement includes a $1.3 million settlement fund. *See id.* at §§ 2.33, 4.1. Defendant has also agreed that it will "manufactur[e] Products without unqualified 'non-toxic' claims on labels for Products having the current formulations, and shall abide by all regulatory labeling standards, where applicable." *See id.* at § 4.5. The parties in *Clark* filed a motion for preliminary approval of the class action settlement. *See* Dkt. No. 64-3, Ex. B.

Plaintiffs in this case estimate that class members will only receive approximately $.38 per product under the *Clark* settlement, and describe the settlement as "woefully deficient," "horrible," and "absurdly bad." *See* Dkt. No. 71 at 3, 5. Plaintiffs state that they believe the nationwide class of consumers in these cases "have suffered tens of millions of dollars in losses . . . ." *See id.* at 13. Plaintiffs further contend that the *Clark* settlement constitutes a "reverse auction," *see id.* at 4, & n.3, which Judge Posner has described as a "practice whereby the defendant in a series of class actions picks the most ineffectual class lawyers to negotiate a settlement with in the hope that the district court will approve a weak settlement that will preclude

1    other claims against the defendant." *See Reynolds v. Beneficial Nat'l Bank*, 288 F.3d 277, 282
2    (7th Cir. 2002) (Posner, J.).  Thus, after learning of the settlement, Plaintiff Moran moved to
3    intervene in the *Clark* case and filed an opposition to the motion for preliminary approval.  *See*
4    Dkt. No. 71-1, ("Bruce Decl.") at ¶ 12.  Despite Plaintiff Moran's concerns and over her objection,
5    the *Clark* court granted the motion for preliminary approval.  *See* Dkt. No. 64-3, Ex. B.  The
6    matter is scheduled for final settlement approval on December 7, 2021.  *See id.* at 7.

    Defendant filed this motion to stay pending the *Clark* court's ruling on the motion for final
    approval.  Dkt. No. 64.

## II.  LEGAL STANDARD

A district court's "power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). To determine whether a *Landis* stay is warranted, courts consider: (1) "the possible damage which may result from the granting of a stay"; (2) "the hardship or inequity which a party may suffer in being required to go forward"; and (3) "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (citing *Landis*, 299 U.S. at 254–55).  "[I]f there is even a fair possibility that the stay for which [the requesting party] prays will work damage to [someone] else," then the party seeking a stay "must make out a clear case of hardship or inequity in being required to go forward." *Landis*, 299 U.S. at 255.  A district court's decision to grant or deny a *Landis* stay is a matter of discretion.  *See Dependable Highway Express, Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007).

## III.  DISCUSSION

In its motion to stay these proceedings, Defendant argues that if the *Clark* court grants the motion for final approval, that settlement will resolve this action for all class members who do not opt out.  Dkt. No. 64.  A stay, Defendant urges, would therefore preserve resources and avoid inconsistent rulings.  *Id.*  Plaintiffs oppose the motion.  Dkt. No. 71.

Plaintiffs' argument appears to be twofold:  Plaintiffs contend that Defendant has acted in

1    bad faith to engineer a reverse auction settlement in *Clark* and that the *Clark* settlement is
2    fundamentally unfair. *See id.* Plaintiffs further suggest that because of these deficiencies, the
3    settlement in *Clark* "is unlikely to receive final approval." *See, e.g.*, *id.* at 19. The Court senses
4    Plaintiffs' frustration that they have devoted significant time to this case and that the *Clark*
5    settlement may undermine their efforts. However, this Court has no authority to decide whether to
6    approve the *Clark* settlement. *See In re JPMorgan Chase LPI Hazard Litig.*, No. C-11-03058
7    JCS, 2013 WL 3829271, at *4 (N.D. Cal. July 23, 2013) (rejecting plaintiffs' allegations of
8    damage based on "sweetheart settlement" because "[t]he fairness of any settlement" in a separate
9    proceeding entailing approval processes "is not an issue properly before" the court granting the
10   stay). Plaintiff Moran has raised—and may continue to raise—her concerns before the *Clark*
11   court. As Plaintiffs acknowledge, the *Clark* court "specifically invited Moran to vet those
12   concerns . . . ." *See id.* at 13.
13         Plaintiffs also suggest that they will be prejudiced by a stay because of the passage of time
14   and the potential loss of evidence. *See id.* at 18–19. But the Court is not persuaded by these
15   conclusory and unsupported concerns. The Court finds such arguments particularly unpersuasive
16   in light of the limited nature of the stay. There is simply no showing that a stay of approximately
17   six weeks will unduly prejudice or strategically disadvantage Plaintiffs in this action. In contrast,
18   the Court finds that there are considerable efficiencies to be gained by staying this action pending
19   final approval of the *Clark* settlement. If the *Clark* settlement is approved, then the scope of this
20   case may decrease significantly as the class claims may be resolved (though the Court need not
21   and does not here decide the not-yet-ripe question of exactly what impact approval in *Clark* would
22   have on this case). Plaintiffs Moran and Waddell may of course opt out of the settlement and
23   pursue their individual claims in this case, but there will be no need to budget time or resources for
24   class-wide discovery or class certification briefing. A stay therefore likely will conserve both the
25   parties' and judicial resources. If the *Clark* settlement is denied, then the Court will set a further
26   case management conference to ensure the efficient adjudication of this case. The Court therefore
27   exercises its discretion to stay this action pending final approval of the *Clark* settlement (or denial
28   of approval).

4

## IV. CONCLUSION

Accordingly, the Court **GRANTS** the motion to stay this case in its entirety through December 10, 2021. The Court further **DIRECTS** the parties to file a status report within 48 hours of the grant or denial of the final approval motion in *Clark*. In addition to informing the Court about the outcome of the *Clark* case, the parties should identify any remaining issues for adjudication in this case.

**IT IS SO ORDERED.**

Dated: 10/27/2021

HAYWOOD S. GILLIAM, JR.
United States District Judge